IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.	3:05cr58/RV

JAIRO ELPIDIO FERRERA-QUINTERO,
        Defendant.

## O R D E R

      This cause is before the court upon defendant's "motion for request of trial and court records and to proceed pro se and *in forma pauperis* pursuant to 28 U.S.C. § 753(f)" with supporting affidavit.  (Doc. 30).

      Title 28 U.S.C. § 1915(b) states, "[U]pon the filing of an affidavit [of indigency] . . . the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court. . . . "  In addition, Title 28 U.S.C. § 2250 provides, "[I]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."

      The defendant states that he seeks to obtain relevant records at the government's expense in order to pursue a motion to vacate his sentence under Title 28 U.S.C. § 2255. Neither § 753(f) nor § 1915 of Title 28 entitles federal prisoners to receive such documents at no cost for the purpose of preparing such a case.  *Skinner v. United States,* 434 F.2d

1036 (5th Cir. 1970); *United States v. Herrera*, 474 F2d 1049 (5th Cir. 1973).[1] Rather, free records will not be supplied to an indigent prisoner until <u>after</u> he has filed the § 2255 motion and then only if he has satisfactorily established the need for specific documents. A prisoner is not entitled to search the trial transcript or other records for possible error at the government's expense. *See United States v. Warmus*, 151 Fed.Appx. 783, 787 (11th Cir. 2005) (citing *Skinner* and *Herrera, supra*).[2]

With respect to the transcripts, defendant has not shown that they are "necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding." *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992); *see also Bentley v. United States*, 431 F.2d 250 (6th Cir. 1979) (no entitlement to be furnished free transcript to search for yet unasserted grounds for relief absent any prior showing of need); 28 U.S.C. § 753(f). His conclusory assertion that he "needs the transcripts" for his motion is insufficient. As such, his motion to receive copies of these transcripts must be denied.

With respect to the docket sheets, defendant is advised that he may obtain copies of all or part of his docket sheet at a cost of $.50 per page, prepaid, from the clerk of this court. Notwithstanding the allegations of poverty contained in his motion for leave to proceed *in forma pauperis*, his request for free copies is denied.

---

[1] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[2] Moreover, there is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-330, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (federal habeas statue permitting district judge to deny free transcript to indigent defendant raising frivolous claim in petition for collateral relief does not violate the Constitution.).

*Case No: 3:05cr58/RV*

Accordingly, it is ORDERED:

Defendant's motion for request of trial and court records (doc. 30) is DENIED.

Defendant's incorporated motion for leave to proceed *in forma pauperis* with respect to the motion for court records (doc. 30) is DENIED as moot.

DONE AND ORDERED this 12th day of October, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**